**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4264**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

JOE FOREST ROSS,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Louise W. Flanagan, Chief District Judge.  (5:07-cr-00153-FL-1)

Submitted:  December 9, 2008        Decided:  January 16, 2009

Before WILKINSON, MOTZ, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Julie Weissman, Third Year Law Student, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joe Forest Ross appeals his 108-month sentence for one count of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2) (2006) ("Count One"), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) ("Count Two"). Ross pled guilty to both counts without a plea agreement.

Under the advisory United States Sentencing Guidelines Manual ("USSG"), Ross was subject to an imprisonment range of 97 to 121 months for Count One and 97 to 120 months for Count Two. Ross was assigned a base offense level of twenty-two pursuant to USSG § 2G2.2(a)(2). His offense level was decreased by two levels, pursuant to USSG § 2G2.2(b)(1), because his conduct was limited to the receipt of material involving sexual exploitation of a minor and he did not intend to traffic in, or distribute, such material. His offense level was enhanced by: (1) two levels because the material involved a prepubescent minor who had not attained the age of twelve years, pursuant to USSG § 2G2.2(b)(2); (2) four levels because the material portrayed sadistic conduct, pursuant to USSG § 2G2.2(b)(4); (3) two levels because the offense involved the use of a computer, pursuant to USSG § 2G2.2(b)(6); and (4) five levels because the offense involved 600 or more images, pursuant to USSG § 2G2.2(b)(7)(D). His offense level was reduced by three levels for acceptance of

2

responsibility, pursuant to USSG § 3E1.1(b), for a total offense level of thirty, and his criminal history category was I because he has no significant prior convictions.

Ross requested a downward variance from the advisory guidelines range in the district court. He argued that the statutory minimum term of five years' imprisonment would be sufficient to accomplish the goals of sentencing enumerated in 18 U.S.C. § 3553(a) (2006). He contended that he was entitled to a lenient sentence because he had no prior convictions, a stable employment history, a close relationship with his family, and because there was no evidence to indicate that he ever had direct sexual contact with children. The district court denied Ross's motion for a downward variance based upon its finding that the factors identified in his arguments were already taken into account in determining the advisory guidelines range, and its determination that the extremely large amount of pornography Ross possessed would have justified a sentence above the guidelines range. The court indicated that it would consider Ross's arguments for a variance in determining where within the guidelines range he should be sentenced. The Government presented a victim impact statement written by a teenage girl who was depicted in images that Ross possessed, and requested a sentence at the high end of the guidelines range.

The district court stated that it had considered the advisory guidelines range and the sentencing factors set forth in § 3553(a) and sentenced Ross to concurrent sentences of 108 months' imprisonment and life terms of supervised released. Ross filed a timely notice of appeal. On appeal, he argues that this sentence is unreasonable because the district court treated the advisory guidelines range as presumptively reasonable and did not adequately consider the § 3553(a) factors or explain the reasons for his sentence. He also contends that a sentencing range determined pursuant to USSG § 2G2.2 is not entitled to a presumption of reasonableness on appeal because the guideline was not formulated based upon careful review and analysis by the United States Sentencing Commission, but instead was legislatively altered by Congress to increase the penalties for child pornography offenses. He argues that, based upon the § 3553(a) factors, his sentence is greater than necessary to serve the purposes of criminal sentencing.

We review a sentence to determine whether it is reasonable, applying an abuse of discretion standard. Gall v. United States, 128 S. Ct. 586, 596 (2007). This court may presume that a sentence imposed within the properly calculated advisory guidelines range is reasonable. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007); see Rita v. United States, 127 S. Ct. 2456, 2462-68 (2007). In Gall, the Supreme

4

Court reiterated that the decision in Rita to allow an appellate presumption of reasonableness for sentences within the guidelines range was based in part upon the fact that the guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions." 128 S. Ct. at 594 (citing Rita, 127 S. Ct. 2456). The Court also noted that the guidelines sentencing ranges for drug offenses are based upon the statutory mandatory minimum sentences established by Congress for such crimes, rather than upon empirical evidence, and that this distinction affects a district court's authority to deviate from the guidelines range in certain drug cases. Id. at 594 n.2 (citing Kimbrough v. United States, 128 S. Ct. 558 (2007)). In Kimbrough, the Court described a series of attempts by the Sentencing Commission to amend the guidelines for crack cocaine offenses, in order to reduce the disparity between sentences for distribution of crack cocaine and powder cocaine, that were rebuffed by Congress. 128 S. Ct. at 565-69.

A district court must explain the sentence it imposes sufficiently for this court to effectively review its reasonableness, but need not mechanically discuss all the factors listed in § 3553(a). United States v. Montes-Pineda, 445 F.3d 375, 380 (4th Cir. 2006). The court's explanation should indicate that it considered the § 3553(a) factors and the

arguments raised by the parties. Id. This court does not evaluate the adequacy of the district court's explanation "in a vacuum," but also considers "[t]he context surrounding a district court's explanation." Id. at 381.

The district court did not abuse its discretion in sentencing Ross to 108 months' imprisonment. As an initial matter, Ross has not cited any court decisions discussing the alleged disagreement between the Sentencing Commission and Congress regarding the guidelines for receipt and possession of child pornography. Further, he did not argue before the district court that the guidelines do not accurately reflect the seriousness of those offenses as a general matter, only that the guidelines sentencing range was greater than necessary in this case. Accordingly, he has not convincingly argued that the presumption of reasonableness on appeal for a sentence within the guidelines range should not apply here.

However, even without applying any presumption of reasonableness, the district court did not abuse its discretion. The district court stated at the sentencing hearing that it had considered the § 3553(a) factors and Ross made extensive arguments based upon those factors in his motion for a downward variance, both in writing and at the sentencing hearing, that were expressly considered by the court in determining his ultimate sentence. The district court properly found that the

factors Ross identified were largely already reflected in his guidelines offense level and criminal history category, and that he could have been subject to an upward departure based upon the extremely large number of images he possessed. Despite the vast extent of his conduct, the district court imposed a sentence that was twelve to thirteen months below the high end of the advisory guidelines range for his offenses.

We affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED